IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40451
Summary Calendar
_____

HELEN FEARS, as Next of Kin of Gary Aderholt, Deceased,

Plaintiff-Appellant,

versus

TERRY BOX, Sheriff of Collin County, Texas,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Texas
(4:95-CV-270)

_____

January 25, 1999

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Helen Fears, as next of kin to decedent Gary Aderholt, appeals the district court's order

granting summary judgment for Defendant Terry Box, in his official capacity as Sheriff of Collin

County, Texas. While a pretrial detainee at Collin County Jail, Aderholt suffered a severe asthma

attack, which ultimately caused his tragic death. Fears filed this civil rights action against Sheriff

Box under 42 U.S.C. § 1983, alleging that Collin County Jail policies and customs caused a

substantial delay in obtaining emergency medical treatment for Aderholt in violation of his due

process rights under the Fourteenth Amendment. The district court granted summary judgment

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

for the defendant, holding that (1) the policies complained of were facially constitutional because they did not compel a substantial delay in receiving medical care; and (2) Fears failed to present any summary judgment evidence that the policies were adopted with deliberate indifference to the medical needs of pretrial detainees. We affirm.

After thoroughly reviewing the record, briefs, and authorities, we conclude that summary judgment for the defendant was proper, essentially for the reasons stated in the district court's order. The policies at issue are constitutional on their face and Fears has presented no summary judgment evidence that the policies were adopted with deliberate indifference to the medical needs of pretrial detainees. *See, e.g.*, *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc) (municipal liability for a constitutional violation is established by showing that a municipal policy or custom was "adopted or maintained with objective deliberate indifference to the detainee's constitutional rights") (emphasis omitted). The policies do not compel a constitutional violation by preventing jail officers or nursing staff from obtaining immediate emergency medical care for detainees. We also reject Fears' contention that the jail's emergency medical policy is "so riddled with bureaucratic loops" that it "manifests defendant's deliberate indifference to the serious medical needs of pretrial detainees." The alleged custom of requiring officers to notify the medical staff of an emergency via the control room does not substantially delay emergency medical treatment and certainly does not reflect deliberate indifference.

AFFIRMED.